**CRIS C. VAUGHAN** (SBN 99568)
VAUGHAN & ASSOCIATES
400 Continental Boulevard, 6th Floor
El Segundo, CA 90245
Telephone: (310) 426-2836
Facsimile: (310) 426-2001
cvaughan@adasolutionsgroup.com

Attorneys for Defendant, The Novogroder Companies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **John Weekley,**<br><br>    Plaintiff,<br><br>  v.<br><br>**The Novogroder Companies, Inc.,** an Indiana corporation,<br><br>    Defendants. | Case No.:  5:20-cv-00203-JAK-SP<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES**<br><br>Date: November 30, 2020<br>Time: 8:30 a.m.<br>Place: Courtroom 10B, 350 W. First Street, Los Angeles<br><br>Before the Honorable John A. Kronstadt |

Defendant, The Novogroder Companies, Inc., respectfully submits the following opposition to Plaintiff, John Weekley's, motion for an award of attorney's fees and costs on the grounds discussed below including:

    1)    The hourly rates requested are excessive and not reasonable based upon the prevailing hourly rates for plaintiffs' attorneys in the Central District as reflected by decisions of judges within the Central District.

    2)    The hours included in the billing were not reasonably expended as they include:

- excessive or redundant billing;
- billing attorney time for clerical / paralegal tasks; and
- excessive billing of one-tenth and two-tenths hours for reviewing routine documents, court communications, and other administrative and ministerial acts including direction to staff.

### I.   BACKGROUND

This is a routine and uncomplicated case filed January 30, 2020, alleging violations of The Americans with Disabilities Act. Dkt. 1. On March 3, 2020, the Court stayed the case through June 1, 2020. Dkt. 13. At mediation on May 27, 2020, Defendant agreed to fix the barriers alleged in the Complaint and to pay a single statutory damage with Plaintiff to file a motion for attorney's fees and costs. Dkt. 21. There was only minimal attorney time required in this case due to the early stay and mediation.

Plaintiff now moves the court for an award of attorney's fees in the amount of $11,657 and costs in the amount of $630 for a total request of $12,287. Dkt. 23.

Defendant objects to Plaintiff's motion for attorney's fees and costs on the following grounds:

1)   The hourly rates requested are excessive and not reasonable based upon the prevailing hourly rates for plaintiffs' attorneys in the Central District as reflected by decisions of judges within the Central District.

2)   The hours included in the billing were not reasonably expended as they include:
- excessive or redundant billing;
- billing attorney time for clerical / paralegal tasks; and
- excessive billing of one-tenth and two-tenths hours for reviewing routine documents, court communications, and other administrative and ministerial acts including direction to staff.

Defendant does not dispute that Plaintiff is entitled to recover attorney's fees and costs, but such attorney's fees and costs must be reasonable.

///

## II. DISCUSSION

The ADA gives courts the discretion to award attorney's fees, including litigation expenses and costs, to prevailing parties. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. § 12205). Similarly, the Unruh Act provides for an award of fees "as may be determined by the court." Cal. Civ. Code § 52(b)(3).

Whether calculating attorney's fees under California or federal law, courts follow the lodestar approach. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Secalt S.A. v. Wuxi Shenxi Const. Mach. Co.,* 668 F.3d 577, 689 (9th Cir. 2012). The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed with those prevailing in the community for similar services by Lawyers of reasonably comparable skill, experience and reputation. *Grove v. Wells Fargo Fin. Cal., Inc.,* 606 F.3d 577, 583 (9th Cir. 2010)*.*

### A. Reasonable Hourly Rate

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986), reh'g denied, amended on other grounds, 808 F.2d 1373 (9th Cir. 1987) (citing *Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984)). "Generally, the relevant community is the forum in which the district court sits." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). The fee applicant has the burden of producing evidence, other than declarations of interested counsel, that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. *Blum*, 465 U.S. at 896 n.11. "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of America v. Phelps Dodge Co.*, 896 F.2d 403, 407 (9th Cir. 1990). A court may consider a number of pertinent factors in determining the reasonableness of any attorney's

fee award. *Langer v. Butler*, No. 19-cv-0829-DOC (JDEx), 2019 WL 6332167, at *8 (C.D. Cal. Aug. 27, 2019) (citing *Quesada v. Thomason*, 850 F.2d 537, 539 n.1 (9th Cir. 1988) (listing twelve factors)).

Plaintiff seeks fees based on the hourly rates of the following five attorneys:

| Russell Handy | $595 hour |
| --- | --- |
| Dennis Price | $450 hour |
| Amanda Seabock | $450 hour |
| Elliott Montgomery | $450 hour |
| Bryan Miller | $450 hour |

B.   <u>Hourly Rate Reduction Required</u>

Plaintiff's counsel has repeatedly made demands for the hourly rates sought in the present motion and has repeatedly been rebuffed by Central District Courts. In April 2020 Judge Ronald S.W. Lew in *Francisco Duarte v. Fred William Leisten, Jr., et al.*, 2:18-cv-05480-RSWL-MRW (Dkt.52) and Judge Philip S. Gutierrez in *Daniel Lopez v. Diego Silva*, et al., 2:18-cv-04813-PSG-JEM (Dkt. 61) each performed a detailed review of the requested rates of Plaintiff's attorneys and comparable hourly rates in the Central District. After their analysis Judge Lew awarded Dennis Price and Amanda Seabock each $350 per hour. Judge Gutierrez awarded Russell Handy $425 per hour, Dennis Price $325 per hour, and Elliott Montgomery $250 per hour. The hourly rate for Bryan Miller, who appears to be relatively new to the Potter Handy firm, should likewise be reduced to the hourly rate consistent with Mr. Montgomery at $250 per hour.

Applying these hourly rates, **without adjusting the number of hours**, results in a reduction of plaintiff's attorney fee claim to $8,225.

///
///
///
///

| Attorney | Hours Billed | Rate | Fees |
|---|---|---|---|
| R. Handy | 5.6 | $425 | $2,380 |
| D. Price | 10.6 | $350 | $3,710 |
| A. Seabock | 1.6 | $350 | $560 |
| E. Montgomery | 5.1 | $250 | $1,275 |
| B. Miller | 1.2 | $250 | $300 |
| **TOTAL** | **24.1** |  | **$8,225** |

Although Plaintiff submits a declaration of John D. O'Connor (Dkt. 23-8) and excerpts from the 2018 Real Rate Report (Dkt. 23-7), those same documents were evaluated by Judge Lew in *Duarte*, *Id*. at *6, who found that the Real Rate Report had "little bearing on the Court's determination of a reasonable rate, and questioned the "relevance, authenticity, and applicability of this declaration [John D. O'Connor] to the instant case."

Defendant requests the Court award as reasonable hourly rate those rates identified in the table above as awarded by other judges within this district.

    C.    <u>Reasonable Number of Hours</u>

Plaintiff "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933. Defendants have "a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1993). The party opposing fees must specifically identify defects or deficiencies in the hours requested; conclusory and unsubstantiated objections are insufficient to warrant a reduction in fees. However, "[e]ven if the opposing party has not objected to the time billed, the district court 'may not uncritically accept a fee request,' but is obligated to review the time billed and assess whether it is reasonable in light of the work performed and the context of the case." *Id*. (quoting *Common Cause v. Jones*, 235 F. Supp. 2d 1076, 1079 (C.D. Cal. 2002)). "Where the documentation of hours is inadequate, the district court may reduce the

award accordingly." *Hensley*, 461 U.S. at 433.  A district court should also exclude from the lodestar fee calculation any hours that were not "reasonably expended," such as hours that are excessive, redundant, or otherwise unnecessary.  *See id*. at 433-34; *see also Chalmers*, 796 F.2d at 1210 ("Those hours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary.").

        1.    *Excessive and Redundant Billing of Attorney's Time Should be Excluded*

A district court should exclude from the lodestar fee calculation any hours that were not "reasonably expended," such as excessive, redundant or otherwise unnecessary. See *Hensley v. Eckerhart*, 461 U.S. 424, 433-34, 103 S.Ct. 1933.

> "In calculating lodestar, district courts have a *duty* to ensure that claims for attorneys' fees are reasonable, and a district court does not discharge that duty simply by taking at face value the work of the prevailing party's lawyer for the number of hours expended on the case. Rather, a district court must ensure that the winning attorneys have exercised 'billing judgment.' " *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (internal quotation marks and citations omitted).

Plaintiff's billing statement (Dkt. 23-5) includes eight hours of time billed for work not yet performed. The last entry on Dkt. 23-5 states, "Time to review opposition brief, draft the reply brief, attend oral argument" with a billing time of eight hours.  This billing is excessive and Defendant requests the eight hours billed be stricken in its entirety for a reduction in the attorney fee award in the amount of $3,600 ($2,800 if the hourly rate for D. Price is reduced to $350).

        2.    *Attorney Time Billed for Clerical/Paralegal Tasks and Non-Legal Work Should be Excluded*

Clerical tasks should be included in attorney billing rates as overhead to run the office, not recoverable in a motion for attorney's fees. "Work that is clerical in nature" should be 'subsumed in firm overhead rather than billed at paralegal rates." *LaToya A. v. San Francisco Unified Sch. Dist.,* No. 3:15-cv-04311-LB, 2016 WL 344558 at *9 (N.D. Cal., Jan, 28, 2016) (quoting *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009)); see also *Missouri v. Jenkins*

*ex rel. Agyei*, 491 U.S. 274, 288 n.10 1989). "When clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors." *Nadarajah*, 569 F.3d at 921.

In addition, the billing statement includes a large number of small billing items that include in the billing entry activity solely related to clerical tasks, such as instructing assistants, which are not to be billed as attorney time. (Dkt. 23-5.) District courts in the Ninth Circuit have rebuffed similar attempts to inflate total billings via a large number of 0.1 hour notations, and because the Court views these entries as clerical tasks included in the portion of an attorney's billing rate that goes to overhead, it does not find them to be reasonable attorney's fees. See *Hernandez v. Grullense*, 2014 WL 1724356, at *8 (N.D. Cal. Apr. 30, 2014); *Whitaker v. Hieu Investments, LLC*, 2019 WL 7877339 at *2 (C.D. Cal. Nov. 21, 2019); *Lopez v. Silva*, 2020 WL 2619163 at *5 (C.D. Cal. Apr. 16, 2020.)

The billing entries of attorney time for clerical tasks and small billing items for non-legal work, such as instructing assistants, are highlighted in yellow in Exhibit A to this opposition. These entries by attorney are as follows:

| Attorney | Hours Billed | Rate | Fees |
|---|---|---|---|
| R. Handy | 4.1 | $425 | $1,742.50 |
| D. Price | .3 | $350 | $105.00 |
| A. Seabock | .6 | $350 | $210.00 |
| E. Montgomery | .3 | $250 | $75.00 |
| B. Miller | .5 | $250 | $125.00 |
| **TOTAL** | **5.8** | | **$2,257.50** |

3.   *Attorney Billing Tables*

Plaintiff's motion for attorney's fees and separate billing statement (Dkt. 23-5) does not provide the total number of hours worked by each attorney, nor does Plaintiff attach the tables as required by this Court's Civil Standing Order at Paragraph 10.e. (Dkt. 8.)  Therefore,

Defendant has prepared and attached as Exhibit B the required tables for the Court's convenient reference.

### D. Reasonable Attorney's Fees and Costs

Plaintiff's request for attorney's fees in the amount of $11,657 is not a reasonable attorney's fee award in this routine and uncomplicated case which was resolved in less than 120 days of the date filed.

Defendant requests the Court reduce the attorney fee hourly rates as discussed above. This hourly rate adjustment reduces the $11,567 request to $8,225. The calculation of the reasonable attorney fee award in the case is as follows:

| | |
|---|---:|
| Requested Attorney's Fees with Hourly Rate Reduction: | $8,225.00 |
| Reduction for Unperformed Work: | 2,800.00 |
| Reduction for Attorney Time Billed for Clerical Tasks and Non-Legal Work: | 2,257.50 |
| Reasonable Attorney's Fees Earned: | $3,167.50 |

Defendant does not object to the award of litigation costs in the amount requested of $630.

### III. CONCLUSION

Defendant requests that the Court deny Plaintiff's motion for an award of attorney's fees and costs in part and award total attorney's fees and costs in the amount of $3,797.50.

Respectfully submitted,

VAUGHAN & ASSOCIATES

Dated: August 5, 2020   By: /s/ Cris C. Vaughan
CRIS C. VAUGHAN
Attorney for Defendant, The Novogroder Companies, Inc.