UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV20-00203 JAK (SPx) | Date | March 21, 2024 |
|---|---|---|---|
| Title | John Weekley v. The Novogroder Companies, Inc., et al | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (DKT. 23)

**I.     Introduction**

On January 30, 2020, John Weekley ("Plaintiff") brought this action against The Novogroder Companies, Inc. ("Defendant"), and ten Doe Defendants. Dkt. 1. Plaintiff alleges violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA"), and the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-53. Dkt. 1 ¶¶ 8-20.

On May 28, 2020, the parties filed a Notice of Settlement. Dkt. 20. On June 5, 2020, the action was dismissed with prejudice, with the Court retaining jurisdiction to address Plaintiff's anticipated motion for an award of attorney's fees.

On July 3, 2020, Plaintiff filed a Motion for Attorney's Fees. Dkt. 23 (the "Motion"). On August 5, 2020, Defendant filed an opposition. Dkt. 29 (the "Opposition"). On August 6, 2020, Plaintiff filed a partial withdrawal of the Motion. Dkt. 31. On August 25, 2020, Plaintiff filed a reply in support of the Motion. Dkt. 32 (the "Reply"). On November 20, 2020, the parties filed a joint statement as to remedial steps required by their settlement agreement. Dkt. 34.

Pursuant to L.R. 7-15, it was determined that the issues presented by the Motion did not require a hearing, and it was taken under submission. Dkt. 37. For the reasons stated in this Order, the Application is **GRANTED-IN-PART**.

**II.    Factual Background**

   A.    The Parties

Plaintiff is a California resident with physical disabilities. Dkt. 1 ¶ 1. He is a paraplegic and uses a wheelchair for mobility. *Id*. Defendant allegedly owns the real property at 6 W. Colton Avenue, Redlands, California (the "Property"). *Id.* ¶¶ 2-3.

   B.    Alleged Statutory Violations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV20-00203 JAK (SPx) | Date | March 21, 2024 |
|---|---|---|---|
| Title | John Weekley v. The Novogroder Companies, Inc., et al | | |

It is alleged that Plaintiff went to an ACE Cash Express located at the Property in September 2019. Dkt. 1 ¶ 8. It is further alleged that the Property did not have accessible parking in conformance with ADA standards for those who require and use wheelchairs. *Id.* ¶ 10. It is also alleged that the parking lot did not include accessible paths of travel for wheelchair users. *Id.* ¶ 12.

      C.      The Settlement Agreement

A redacted version of the Settlement Agreement was attached to the Motion. Dkt. 23-9. The parties subsequently provided additional information as to the remedial measures taken by Defendant as part of the Settlement Agreement. Dkt. 34.

**III.**      **Analysis**

      A.      Legal Standard

The ADA provides that "the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. A prevailing plaintiff is one that has obtained a "judicially sanctioned changed in the parties' legal relationship." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603-605 (2001). Such a change must also be "material." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (quoting *Buckhannon*, 532 U.S. at 604-05). A litigant may "prevail" by entering into a legally enforceable settlement agreement. *Id.* at 899 (citing *Richard S. v. Dept. of Developmental Servs.*, 317 F.3d 1080, 1086 (9th Cir. 2003)).

"A prevailing plaintiff under the ADA should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Jankey v. Poop Deck*, 537 F.3d 1122, 1130 (9th Cir. 2008) (internal citations and quotation marks omitted). A reasonable fee may be determined by considering a "lodestar figure," which is the "number of hours reasonably expended on the litigation . . . multipl[ied] [] by a reasonable hourly rate." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Under the ADA, there is a strong presumption that this amount represents a reasonable fee. *Fischer*, 214 F.3d at 1119 n.4. However, once the lodestar is calculated, whether that amount or a different one should be awarded is within the discretion of the district court. *See id.* at 1118.

In determining the reasonableness of the lodestar figure, a court considers the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV20-00203 JAK (SPx) | Date | March 21, 2024 |
|---|---|---|---|
| Title | John Weekley v. The Novogroder Companies, Inc., et al | | |

of *Burlington v. Dague*, 505 U.S. 557 (1992).

    B.    Application

        1.    <u>Whether Plaintiff is a "Prevailing Party"</u>

As noted, in the Ninth Circuit, entering a legally enforceable settlement agreement is sufficient to establish "prevailing party" status. The Settlement Agreement requires Defendant "to provide accessible parking pursuant to state and federal guidelines within 180 days of the settlement agreement." Dkt. 34 at 1. Thus, Plaintiff achieved relief sought in the Complaint. *See* Dkt. 1 ¶¶ 10,11 (detailing inaccessible parking); *id.* at 6-7 (prayer for injunctive relief).

For these reasons, Plaintiff is a "prevailing party" and is entitled to an award of attorney's fees.

        2.    <u>Whether the Requested Fees are Reasonable</u>

Plaintiff's counsel, Mark Potter ("Potter"), submitted a declaration in support of the fee request. *See* Dkt. 23-4. Potter declares that he and four other attorneys worked on this case, and that their respective hourly rates are as follows: Potter ($595/hour), Russell Handy ("Handy") ($595/hour), Dennis Price ("Price") ($450/hour), Amanda Seabock ("Seabock") ($450/hour), Bryan Miller ("Miller") ($450/hour) and Elliott Montgomery ("Montgomery") ($450/hour). *Id*. ¶¶ 9-13 The evidence submitted also includes the experience of each of the attorneys. Thus, Potter has "devoted more than 95% of his practice to disability issues for 20 years." *Id.* ¶ 5. Handy has "devoted his private practice to disability litigation for the last 19 years." *Id.* ¶ 9. Price "has been involved in hundreds of disability rights cases, participating in all stages of litigation from intake to trial." *Id.* ¶ 10. Seabock, who has worked for Plaintiff's firm since 2012, "supervises all disability rights cases in the Northern District of California and settlement matters throughout the state." *Id.* ¶ 11. Miller has experience with "21 class actions in both civil rights and consumer rights areas of law." *Id.* ¶ 12. Montgomery has worked as a Special Assistant United States Attorney, and "has drafted complaints, conducted site inspections, litigated cases from the discovery stage, including related motion practice and mediations, to case resolution." *Id.* ¶ 13.

The billing records for work performed with respect to this action show that, collectively, five counsel worked 19.3 hours on this action. Dkt. 32-2.[1] Detailed billing entries were submitted by Plaintiff's counsel, which are summarized in the following table:

| Task | Billed By | Time | Hourly Rate | Amount |
|---|---|---|---|---|
| Reviewed email from defense counsel's assistant inquiry re service status for defendants | A. Seabock | 0.1 | $450 | $45.00 |
| Emailed defense counsel's assistant providing update re service status for defendants | A. Seabock | 0.1 | $450 | $45.00 |

---

[1] The records submitted do not include any time entries for work performed by Potter.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV20-00203 JAK (SPx) | | Date | March 21, 2024 | |
|---|---|---|---|---|---|
| Title | John Weekley v. The Novogroder Companies, Inc., et al | | | | |

| | | | | |
|---|---|---|---|---|
| Emailed defense counsel's assistant providing update re service status for defendants | A. Seabock | 0.1 | $450 | $45.00 |
| Emailed Plaintiff's settlement offer to defense counsel; reviewed defense counsel's assistant response | A. Seabock | 0.1 | $450 | $45.00 |
| Drafted Notice of Settlement and proposed Order; instructed assistant to file | A. Seabock | 0.2 | $450 | $90.00 |
| Instructed assistant to follow up with defense counsel re draft settlement agreement | A. Seabock | 0.1 | $450 | $45.00 |
| Reviewed email from defense counsel's assistant along with draft settlement agreement containing proposed redline changes | A. Seabock | 0.1 | $450 | $45.00 |
| Reviewed Order re Notice of Settlement | A. Seabock | 0.1 | $450 | $45.00 |
| Reviewed and approved changes noted by defense counsel to draft settlement agreement; emailed defense counsel's assistant final version of settlement agreement notifying that the revisions are accepted | A. Seabock | 0.2 | $450 | $90.00 |
| Instructed assistant to send final version of settlement agreement to client for signature | A. Seabock | 0.1 | $450 | $45.00 |
| Reviewed final version of settlement agreement executed by defendant emailed by defense counsel's assistant | A. Seabock | 0.2 | $450 | $90.00 |
| Reviewed settlement agreement signed by Plaintiff; instructed assistant to email to defense counsel for his records | A. Seabock | 0.1 | $450 | $45.00 |
| Reviewed letter from defense counsel along with copy of enclosed settlement check emailed by defense counsel's assistant | A. Seabock | 0.1 | $450 | $45.00 |
| Drafted notice of appearance of counsel; instructed assistant to file | B. Miller | 0[2] | $450 | $0.00 |
| Drafted Plaintiff's Qualified Opposition to the Application for Stay | B. Miller | 0 | $450 | $0.00 |

---

[2] There was time included for Miller in the initial billing statement provided. Dkt. 23-5. However, it was reduced to "zero" hours in the updated billing statement submitted with the Reply. Dkt. 32-2 at 2-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV20-00203 JAK (SPx) | | Date | March 21, 2024 |
|---|---|---|---|---|
| Title | John Weekley v. The Novogroder Companies, Inc., et al | | | |

| | | | | |
|---|---|---|---|---|
| Reviewed and filled ADR 02 form; instructed assistant to email to defense counsel for review and approval; reviewed email from defense counsel's assistant granting permission to file ADR 02 form on behalf of defense counsel; instructed assistant to file the same | B. Miller | 0 | $450 | $0.00 |
| Drafted Plaintiff's case statement; instructed assistant to file | B. Miller | 0 | $450 | $0.00 |
| Reviewed billing; removed items that could be taken as duplicative or unreasonable; redacted as appropriate | D. Price | 0.3 | $450 | $135.00 |
| Drafting the plaintiff's fee motion with supporting paperwork | D. Price | 2 | $450 | $900.00 |
| Drafted Mark Potter's Declaration in support Plaintiffs fee motion | D. Price | 0.3 | $450 | $135.00 |
| Time to review opposition brief, draft the reply brief[3] | D. Price | 4.4 | $450 | $1,980.00 |
| Emailed defense counsel's assistant re complying with court set deadline for scheduling mediation, Plaintiff's disagreement re defendant's insistence for in-person mediation etc. | E. Montgomery | 0.1 | $450 | $45.00 |
| Drafted Plaintiff's mediation brief; instructed assistant to submit to mediator | E. Montgomery | 1 | $450 | $450.00 |
| Reviewed email communication between mediator and defense counsel's assistant re new zoom invitation link for scheduled mediation | E. Montgomery | 0.1 | $450 | $45.00 |
| Emailed mediator and defense counsel re zoom link for mediation | E. Montgomery | 0.1 | $450 | $45.00 |
| Prepared for and attended zoom mediation; notes to file | E. Montgomery | 3 | $450 | $1,350.00 |
| Drafted proposed settlement agreement; emailed to defense counsel for review | E. Montgomery | 0.5 | $450 | $225.00 |
| Reviewed Confidentiality agreement sent by mediator; instructed assistant to send to client for signature | E. Montgomery | 0.1 | 450 | $45.00 |
| Reviewed mediation confidentiality agreement signed by Plaintiff; instructed assistant to send to mediator | E. Montgomery | 0.1 | 450 | $45.00 |

---

[3] Plaintiff's counsel clarified that one additional hour would be necessary if a hearing on the Motion was held. Dkt. 32-1 ¶ 6. However, no Motion hearing was held.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV20-00203 JAK (SPx) | | Date | March 21, 2024 |
|---|---|---|---|---|
| Title | John Weekley v. The Novogroder Companies, Inc., et al | | | |

| | | | | |
|---|---|---|---|---|
| Reviewed mediation report filed by mediator | E. Montgomery | 0.1 | 450 | $45.00 |
| Completed step one on prefiling checklist: (Initial fact gathering. Analyze client's claims, story and/or intake materials) | R. Handy | 0.5 | 595 | $297.50 |
| Completed step two on prefiling checklist: (Initial assessment of case. Review google satellite images, street view, website and/or yelp, assess the business & site, give investigator instructions on photographs and measurements to obtain, notes to file, etc.) | R. Handy | 0.5 | 595 | $297.50 |
| Completed step three on prefiling checklist: (Review Investigator report, findings and photos to confirm claims and greenlight complaint drafting or give investigator further instructions) | R. Handy | 0.7 | 595 | $416.50 |
| Completed step four on prefiling checklist: (Public records research to determine the identity of the responsible parties and to determine if there had been alterations or modifications that would have triggered stricter Title 24 obligations for this property, etc.) | R. Handy | 0.8 | $595 | $476.00 |
| Completed final step of the prefiling checklist: (Draft complaint and related initial filing docs & prepare interoffice barrier memo and service instructions) | R. Handy | 0.8 | 595 | $476.00 |
| Reviewed court-issued summons, notice of assignment, notice to parties of court directed ADR program, etc. | R. Handy | 0.2 | 595 | $119.00 |
| Reviewed Standing Order | R. Handy | 0.3 | 595 | $178.50 |
| Reviewed Application for Stay and Early Mediation filed by defendant | R. Handy | 0.1 | 595 | $59.50 |
| Reviewed Order re defendant's application for stay and early mediation | R. Handy | 0.1 | 595 | $59.50 |
| Instructed assistant to begin ADR process and contact defense counsel re mediator selection; reviewed response from defense counsel re copying staff on further email communications | R. Handy | 0.1 | 595 | $59.50 |
| Reviewed email from defense counsel's assistant re name of preferred mediator | R. Handy | 0.1 | 595 | $59.50 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV20-00203 JAK (SPx) | | Date | March 21, 2024 |
|---|---|---|---|---|
| Title | John Weekley v. The Novogroder Companies, Inc., et al | | | |

| | | | | |
|---|---|---|---|---|
| Instructed assistant to contact proposed mediator re consent and availability to mediate case | R. Handy | 0.1 | 595 | $59.50 |
| Reviewed email from proposed mediator informing re unavailability | R. Handy | 0.1 | 595 | $59.50 |
| Reviewed Notice of Assignment of Panel Mediator | R. Handy | 0.1 | 595 | $59.50 |
| Reviewed email from mediator re availability for scheduling mediation; instructed assistant to respond and provide available dates; reviewed response from defense counsel's assistant re checking availability with client | R. Handy | 0.2 | 595 | $119.00 |
| Reviewed email from mediator providing his availability for scheduling mediation | R. Handy | 0.1 | 595 | $59.50 |
| Reviewed email from mediator re scheduling mediation; instructed assistant to respond; reviewed email from defense counsel's assistant informing re defendant's request for in-person mediation | R. Handy | 0.1 | 595 | $59.50 |
| Instructed assistant to follow up with defense counsel's assistant re scheduling mediation | R. Handy | 0.1 | 595 | $59.50 |
| Reviewed email from defense counsel's assistant re defendant's preference for in person-mediation | R. Handy | 0.1 | 595 | $59.50 |
| Reviewed email from mediator re general order re mediation, setting mediation date etc. | R. Handy | 0.1 | 595 | $59.50 |
| Instructed assistant to email client and inquire his availability for scheduling zoom mediation and follow up via call re same | R. Handy | 0.1 | 595 | $59.50 |
| Reviewed defense counsel's assistant's email re defendant's availability for scheduling mediation; instructed assistant to coordinate with defense counsel's assistant and mediator re scheduling mediation; reviewed email exchanges between parties re same | R. Handy | 0.2 | 595 | $119.00 |
| Instructed assistant to email zoom mediation details to client | R. Handy | 0.1 | 595 | $59.50 |
| *Total* | | **19.3** | | **$9,497.00** |

Case 5:20-cv-00203-JAK-SP   Document 38   Filed 03/21/24   Page 8 of 8   Page ID #:308

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV20-00203 JAK (SPx) | | Date | March 21, 2024 |
|---|---|---|---|---|
| Title | John Weekley v. The Novogroder Companies, Inc., et al | | | |

Potter also declares that the costs incurred totaled $630. Dkt. 23-5 at 1. They were comprised of an investigator's fee of $200, a filing fee of $400 and service costs of $30. *Id*.

Although Defendant concedes that a fee award is proper, it argues that the requested amount is unreasonable. *First*, Defendant argues that the billing rates are unwarranted, noting that other judges in the Central District have applied lower rates for Plaintiff's counsel. Dkt. 29 at 4. Defendant also argues that the "Real Rate Report" does not provide support for the requested rates. *Id.* at 5. *Second*, Defendant argues that Plaintiff's timesheets reflect redundant and excessive billing, including time spent on clerical tasks. Based on this, Defendant argues that an award of $3167.50 is more appropriate. *Id.* at 8. Defendant does not object to the amount of costs requested. *Id*.

Based on a review of the evidence submitted in support of the Motion, including the work performed, the hourly rates, the number of counsel involved and their broad experience in many similar, prior actions, it is determined that an award of attorney's fees of $8428 is appropriate. The amounts reduced are reflected in the following table:

| Attorney | Requested Amount | Reduced Amount |
|---|---|---|
| A. Seabock | $720 | $607.50 |
| D. Price | $3150 | $2700 |
| E. Montgomery | $2295 | $2205 |
| R. Handy | $3332 | $2915.50 |
| **Total** | **$9,497** | **$8,428** |

**IV.     Conclusion**

For the reasons stated in this Order, the Motion is **GRANTED-IN-PART**. An award of attorney's fees of $8428 and costs of $630 is granted. Within 21 days of the issuance of this Order, the parties shall meet and confer and then submit a proposed judgment in this matter, which includes these awards. If the parties cannot agree on the form of the judgment, Plaintiff shall lodge a proposed judgment with the same 21-day period, and within seven days thereafter, Defendant shall file any objections to it, including a red-lined version that reflects them.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | TJ | |